FILED by CF D.C.
ELECTRONIC
JUN 22, 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

PROB 22
(Rev. 2/88)

# TRANSFER OF JURISDICTION

# 09-20127-TP-MARTINEZ/BROWN

DOCKET NUM
8:01-CR-20

DOCKET NUM

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT | DIVISION | |
|---|---|---|---|
| Gregory Davis | Middle District of Florida | Tampa | |
| | NAME OF SENTENCING JUDGE: The Honorable James S. Moody, Jr. | | |
| | DATES OF PROBATION/SUPERVISED RELEASE: | FROM May 14, 2008 | TO May 13, 2013 |

OFFENSE

Conspiracy to Possess With the Intent to Distribute 5 Kilograms or More of Cocaine

## PART 1 - ORDER TRANSFERRING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE Middle DISTRICT OF Florida

IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the Southern Florida upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

20 May 2009
Date

[signature]
United States District Judge

*This sentence may be deleted in the discretion of the transferring Court.

## PART 2 - ORDER ACCEPTING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE Southern DISTRICT OF Florida

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

05/29/2009
Effective Date

[signature]
United States District Judge
ADALBERTO JORDAN FOR ALAN S. GOLD

AO 245B (Rev 3/01) Sheet 1 - Judgment in a Criminal Case

BOP

FILED

# UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

01 DEC 19 AM 10:42

TAMPA, FLORIDA

UNITED STATES OF AMERICA

vs.

GREGORY DAVIS

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

CASE NUMBER: 8:01-cr-209-T-30TBM

Defendant's Attorney: Frederick Vollrath, cja

RECEIVED DEC 26 2001 CCM, ORLANDO, FL

THE DEFENDANT:

X pleaded guilty to count(s) One of the Indictment.
_ pleaded nolo contendere to count(s) which was accepted by the court.
_ was found guilty on count(s) after a plea of not guilty.

**Accordingly**, the court has adjudicated that the defendant is guilty of the following offense(s):

| TITLE & SECTION | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT NUMBER(S) |
|---|---|---|---|
| 21 U.S.C. § 846 and 841(a)(1) | Conspiracy to Possess With the Intent to Distribute 5 Kilograms Or More of Cocaine | March 31, 2001 | One |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984 and the Mandatory Victims Restitution Act of 1996.

_ The defendant has been found not guilty on count(s)
X Count(s) Two of the Indictment is dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No. [redacted]

Defendant's Date of Birth: [redacted], 1963

Defendant's USM No.: 39725-018

Defendant's Mailing Address: c/o U.S. Marshal

Defendant's Residence Address: Same

Date of Imposition of Sentence: December 19, 2001

James S. Moody

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

DATE: December 19, 2001

Gregory W Davis
12/17/07



50

Defendant: GREGORY DAVIS Judgment - Page 2 of 6

Case No.: 8:01-cr-209-T-30TBM

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of EIGHTY-SEVEN (87) MONTHS as to Count One of the Indictment.

__ The court makes the following recommendations to the Bureau of Prisons:

_X_ The defendant is remanded to the custody of the United States Marshal.
__ The defendant shall surrender to the United States Marshal for this district.

__ at __ a.m./p.m. on __.
__ as notified by the United States Marshal.

__ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

__ before 2 p.m. on ___.
__ as notified by the United States Marshal.
__ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

______________________________________________

______________________________________________

______________________________________________

Defendant delivered on _______ to ______________________________ at ______________________________, with a certified copy of this judgment.

______________________________
United States Marshal

By:______________________________
Deputy Marshal



12/17/07 G.D.

Defendant: GREGORY DAVIS
Case No.: 8:01-cr-209-T-30TBM

Judgment - Page 3 of 6

## SUPERVISED RELEASE

**Upon release from imprisonment, the defendant shall be on supervised release for a term of FIVE (5) YEARS as to Count One of Indictment.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.
The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

__ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

X The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

G.D 12/17/07

Defendant: GREGORY DAVIS
Case No.: 8:01-cr-209-T-30TBM

Judgment - Page 4 of 6

## SUPERVISED RELEASE

The defendant shall also comply with the following additional conditions of supervised release:

_ The defendant shall participate in the Home Detention program for a period of __. During this time, defendant will remain at defendant's place of residence except for employment and other activities approved in advance by the defendant's Probation Officer. Defendant will be subject to the standard conditions of Home Detention adopted for use in the Middle District of Florida, which may include the requirement to wear an electronic monitoring device and to follow electronic monitoring procedures specified by the Probation Officer. Further, the defendant shall be required to contribute to the costs of services for such monitoring not to exceed an amount determined reasonable by the Probation Officer based on ability to pay (or availability of third party payment) and in conformance with the Probation Office's Sliding Scale for Electronic Monitoring Services.

X The defendant shall participate, as directed by the Probation Officer, in a program (outpatient and/or inpatient) for treatment of narcotic addiction or drug or alcohol dependency. This program may include testing for the detection of substance use or abuse. Further, the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable by the Probation Officer's Sliding Scale for Substance Abuse Treatment Services.

_ The defendant shall participate as directed in a program of mental health treatment approved by the Probation Officer. Further, the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable to by Probation Officer based on ability to pay or availability of third party payment and in conformance with the Probation Office's Sliding Scale for Mental Health Treatment Services.

X The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, acquisitions or obligating himself for any major purchases without approval of the probation officer.

X The defendant shall provide the probation officer access to any requested financial information.

X The mandatory drug testing provisions shall apply pursuant to the Violent Crime Control Act. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter as directed by the probation officer.

7/14/2008 Re-instructed conditions by USPO A. Crespi

G.D

7/14/08

G.D. 12/17/07

Defendant: GREGORY DAVIS
Case No.: 8:01-cr-209-T-30TBM

Judgment - Page 5 of 6

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

| | Assessment | Fine | Total Restitution |
|---|---|---|---|
| **Totals:** | **$100.00** | **$Waived** | **$n/a** |

___ The determination of restitution is deferred until ____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

___ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order of percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Totals: | $ ___ | $ ___ | |

___ If applicable, restitution amount ordered pursuant to plea agreement $ ______________.

___ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

___ The court determined that the defendant does not have the ability to pay interest, and is ordered that;

___ the interest requirement is waived for the ___ fine and/or ___ restitution.

___ the interest requirement for the ___ fine and/or ___ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994, but before April 23, 1996.

G.D. 12/17/07

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A. X Lump sum payment of $ X due immediately, balance due

___ not later than _________, or

___ in accordance with __ C, __ D, or __ E below; or

B. __ Payment to begin immediately (may be conbined with ___ C, ___ D, or ___ E below); or

C. __ Payment in ____________ (e.g., equal, weekly, monthly, quarterly) installments of $ ________ over a period of ______ (e.g., months or years), to commence ________ days (e.g., 30 or 60 days) after date of this judgment; or

D. ___ Payment in ____________(e.g., equal, weekly, monthly, quarterly) installments of $ ________ over a period of ___, (e.g., months or years) to commence _ after release from imprisonment to a term of supervision; or

E. ___ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

_ Joint and Several

Defendant Name, Case Number, and Joint and Several Amount:

_ The defendant shall pay the cost of prosecution.

_ The defendant shall pay the following court cost(s):

_ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.



C.D. 12/17/07

AO 245B (Rev 3/01) Statement of Reasons

Defendant: GREGORY DAVIS
Case No.: 8:01-cr-209-T-30TBM

## STATEMENT OF REASONS

_X_ The court adopts the factual findings and guideline application in the presentence report.

OR

___ The court adopts the factual findings and guideline application in the presentence report except: (see attachment, if necessary):

**GUIDELINE RANGE DETERMINED BY THE COURT:**

Total Offense Level: 29

Criminal History Category: III

Imprisonment Range: 120 to 135 months

Supervised Release Range: 5 years

Fine Range: $15,000 to $4,000,000

_X_ Fine is waived or is below the guideline range, because of the defendant's inability to pay.

Total Amount of Restitution: $n/a

___ Discretionary restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(a)(B)(ii) (or in offenses committed before April 23, 1996, pursuant to 18 U.S.C. § 3663(d).

___ Restitution pursuant to the mandatory victim restitution provision is not ordered in this title 18 property offense because the number of identifiable victims is so large as to make restitution impracticable, pursuant to 18 U.S.C. § 3663A(c)(3)(A).

___ Restitution pursuant to the mandatory victim restitution provision is not ordered in this title 18 property offense because determining complex issues of fact and related to the cause of amount of the victim's losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process, pursuant to 18 U.S.C. § 3663A(c)(3)(B).

___ For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

___ Partial restitution is ordered, pursuant to 18 U.S.C. § 3553(c), for the following reason(s):

___ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by application of the guidelines.

OR

___ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the follow reason(s):

OR

The sentence departs from the guideline range:

_X_ upon motion of the government, as a result of defendant's substantial assista[nce]

___ for the following reason(s):

I certify the foregoing to be a true and correct copy of the original.
SHERYL L. LOESCH, Clerk
United States District Court
Middle District of Florida
By:______________
Deputy Clerk

Brian L. Snyder, Jr.

RECEIVED

01 JUN -7 PM 4:03

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA :
:
v. : Case No. 8:01-Cr-209-T-30TBM
:
GREGORY DAVIS and :
WALTER DIXON :

**INDICTMENT**

The Grand Jury charges:

**COUNT ONE**

From an unknown date which was at least in March 2001, through on or about March 31, 2001, in Sarasota County, in the Middle District of Florida and elsewhere, the defendants,

GREGORY DAVIS
and
WALTER DIXON,

did knowingly and willfully conspire and agree with each other and with other persons both known and unknown to the grand jury to possess with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, contrary to the provisions of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A)(ii)(II).

**COUNT TWO**

On or about March 31, 2001, in the Middle District of Florida, the defendants,

GREGORY DAVIS
and
WALTER DIXON,

did knowingly and willfully possess with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(ii)(II).

**FORFEITURE**

1. The allegations contained in Counts One and Two of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures, pursuant to the provisions of Title 21, United States Code, Section 853.

2. From their engagement in any and all of the violations alleged in Counts One and Two of this Indictment, punishable by imprisonment for more than one year, which counts are realleged and incorporated as if fully set forth herein, the defendants,

GREGORY DAVIS
and
WALTER DIXON,

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853(a)(1) and (2), all of their interest in:

a. Property constituting and derived from any proceeds the defendants obtained, directly or indirectly, as the result of such violations; and

b. Property used and intended to be used in any manner or part to commit or to facilitate the commission of such violations.

3. Such forfeiture shall include all property, real or personal, tangible or intangible, including any interest in said property of defendants.

4. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third person;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

All in violation of Title 21, United States Code, Section 853.

A TRUE BILL,

____________________________

FOREPERSON

MAC CAULEY
United States Attorney

By: ____________________________
JAMES C. PRESTON, JR.
Assistant United States Attorney

By: ____________________________
WALTER E. FURR, III
Assistant United States Attorney
Chief, Narcotics Section

CLOSED, TBM

**U.S. District Court**
**Middle District of Florida (Tampa)**
**CRIMINAL DOCKET FOR CASE #: 8:01-cr-00209-JSM-1**

Case title: USA v. Davis, et al

Date Filed: 06/07/2001
Date Terminated: 12/19/2001

Assigned to: Judge James S. Moody, Jr

**Defendant (1)**

**Gregory Davis**
*TERMINATED: 12/19/2001*

represented by **Frederick Wiley Vollrath**
Vollrath-Condon, PA
Suite 2
307 S Fielding Ave
Tampa , FL 33606
813/335-4379
Fax: 813-254-2979
Email: fredvollrath@aol.com
*TERMINATED: 12/19/2001*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

| **Pending Counts** | **Disposition** |
|---|---|
| 21:846=ND.F CONSPIRACY TO DISTRIBUTE NARCOTICS (1) | Imprisonment: 87 months. Supervised release: 5 years. Fine: waived. Special assessment: $100.00. |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| 21:841A=ND.F NARCOTICS - SELL, DISTRIBUTE, OR DISPENSE (2) | dismissed on motion of U.S. Attorney. |

**Highest Offense Level (Terminated)**

Felony

**Complaints**

None

**Disposition**

**Plaintiff**

**United States of America** represented by **James C. Preston , Jr.**
US Attorney's Office - FLM
Suite 3200
400 N Tampa St
Tampa , FL 33602
813/274-6000
Email: james.preston@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/07/2001 | 1 | INDICTMENT as to Gregory Davis (1) count(s) 1, 2, Walter Dixon (2) count (s) 1, 2 (plk) (Entered: 06/08/2001) |
| 06/07/2001 | | MAGISTRATE JUDGE CASE ASSIGNMENT Magistrate assigned: Thomas B. McCoun III (plk) (Entered: 06/08/2001) |
| 06/08/2001 | 2 | WARRANT (ARREST) issued as to Gregory Davis (plk) (Entered: 06/08/2001) |
| 06/15/2001 | | Self surrender of Gregory Davis (bls) (Entered: 06/18/2001) |
| 06/15/2001 | 4 | INITIAL APPEARANCE held on 6/15/01 before Magistrate Judge Thomas B. McCoun III as to Gregory Davis. Tape: 76/3054-end and 77/1-255. Defendant informed of rights. (bls) (Entered: 06/18/2001) |
| 06/15/2001 | 4 | BOND HEARING held on 6/15/01 before Magistrate Judge Thomas B. McCoun III as to Gregory Davis. Tape: 76/3054-end and 77/1-255. (bls) (Entered: 06/18/2001) |
| 06/15/2001 | 6 | ARRAIGNMENT held on 6/15/01 as to Gregory Davis. Defendant pled not guilty before Magistrate Judge Thomas B. McCoun III. Tape 77/255-315. (bls) (Entered: 06/18/2001) |
| 06/15/2001 | 8 | CJA 23 FINANCIAL AFFIDAVIT by Gregory Davis (bls) (Entered: 06/18/2001) |
| 06/18/2001 | 9 | WARRANT (ARREST) returned executed as to Gregory Davis on 6/15/01 (bls) (Entered: 06/19/2001) |
| 06/18/2001 | 11 | WAIVER of fourth amendment rights by Gregory Davis (bls) (Entered: 06/19/2001) |
| 06/18/2001 | 12 | ORDER setting conditions of release as to Gregory Davis Bond set to $50,000.00 Surety for Gregory Davis. ( Signed by Magistrate Judge Thomas B. McCoun III ) (bls) (Entered: 06/19/2001) |

| | | |
|---|---|---|
| 06/18/2001 | 13 | APPEARANCE BOND (surety) for Gregory Davis in the amount of $50,000.00 ( Signed by Magistrate Judge Thomas B. McCoun III ) (bls) (Entered: 06/19/2001) |
| 06/18/2001 | 17 | PRETRIAL DISCOVERY ORDER AND NOTICE setting Status conference for 8:30 a.m. on 7/12/01 for Gregory Davis, for Walter Dixon. Jury Trial for the weeks of 8/6/01, 8/13/01 and 8/27/01 for Gregory Davis, for Walter Dixon. Scheduled for Judge James S. Moody Jr. ( Signed by Magistrate Judge Thomas B. McCoun III ) ctc (bls) (Entered: 06/19/2001) |
| 06/19/2001 | 18 | CJA 20 appointing Frederick W. Vollrath as to Gregory Davis ( Signed by Magistrate Judge Thomas B. McCoun III ) (bls) (Entered: 06/20/2001) |
| 06/22/2001 | 20 | MOTION by Gregory Davis for extension of time in which to post property to secure bond (bls) (Entered: 06/25/2001) |
| 06/26/2001 | 21 | MOTION with memorandum in support by Gregory Davis for bill of particulars (bls) (Entered: 06/26/2001) |
| 06/26/2001 | 22 | MOTION with memorandum in support by Gregory Davis for adoption of co-defendant's motions (bls) (Entered: 06/26/2001) |
| 06/26/2001 | 23 | MOTION by Gregory Davis for protection for the dates of 8/27/01 through 9/1/01 (bls) (Entered: 06/26/2001) |
| 06/27/2001 | | ENDORSED ORDER granting [20-1] motion for extension of time in which to post property to secure bond as to Gregory Davis (1) ( Signed by Judge James S. Moody Jr. ) ctc (bls) (Entered: 06/28/2001) |
| 06/28/2001 | | MOTION referred to Magistrate Judge Thomas B. McCoun III as to Gregory Davis: [21-1] motion for bill of particulars (bls) (Entered: 06/28/2001) |
| 06/29/2001 | | ENDORSED ORDER granting [22-1] motion for adoption of co-defendant's motions as to Gregory Davis (1) ( Signed by Judge James S. Moody Jr. ) ctc (bls) (Entered: 06/29/2001) |
| 06/29/2001 | | ENDORSED ORDER granting [23-1] motion for protection for the dates of 8/27/01 through 9/1/01 as to Gregory Davis (1) ( Signed by Judge James S. Moody Jr. ) ctc (bls) (Entered: 06/29/2001) |
| 06/29/2001 | 24 | ORDER granting motion to change terms and conditions of bond as to Gregory Davis (motion not received) ( Signed by Magistrate Judge Thomas B. McCoun III ) ctc (bls) (Entered: 07/03/2001) |
| 07/02/2001 | 25 | MOTION by Gregory Davis to change terms and condition of bond Referred to Magistrate Judge Thomas B. McCoun III (bls) (Entered: 07/03/2001) |
| 07/09/2001 | 26 | RESPONSE as to Gregory Davis by USA re: [21-1] motion for bill of particulars (bls) (Entered: 07/09/2001) |
| 07/11/2001 | 27 | ORDER denying [21-1] motion for bill of particulars as to Gregory Davis (1) ( Signed by Magistrate Judge Thomas B. McCoun III ) ctc (bls) (Entered: 07/12/2001) |
| 07/12/2001 | 28 | STATUS CONFERENCE held on 7/12/01 before Judge James S. Moody Jr. as |

| | | |
|---|---|---|
| | | to Gregory Davis, Walter Dixon. Court Reporter: Debbie Flatow (bls) (Entered: 07/13/2001) |
| 07/30/2001 | 29 | TRIAL CALENDAR for trial term commencing 8/6/01 through 8/31/01 scheduled for Judge James S. Moody Jr. as to Gregory Davis, Walter Dixon. ( Signed by Deputy Clerk ) (bls) (Entered: 07/31/2001) |
| 08/01/2001 | 30 | PLEA AGREEMENT as to Gregory Davis (bls) (Entered: 08/02/2001) |
| 08/02/2001 | 31 | NOTICE OF HEARING: set change of plea hearing for 10:00 a.m. on 8/16/01 for Gregory Davis, scheduled for Magistrate Judge Thomas B. McCoun III ( Signed by Deputy Clerk ) ctc (bls) (Entered: 08/03/2001) |
| 08/16/2001 | 32 | AGREEMENT to forfeit property by Latonya Denise Davis as to Gregory Davis (bls) (Entered: 08/17/2001) |
| 08/16/2001 | 33 | AGREEMENT to forfeit property by Gregory W. Davis as to Gregory Davis (bls) (Entered: 08/17/2001) |
| 08/16/2001 | 34 | AGREEMENT to forfeit property by Gregory W. Davis as to Gregory Davis (bls) (Entered: 08/17/2001) |
| 08/16/2001 | 35 | CHANGE OF PLEA HEARING held before Magistrate Judge Thomas B. McCoun III, guilty plea proffered as to Gregory Davis (1) count(s) 1 Court Reporter: Paul Spangler (bls) (Entered: 08/17/2001) |
| 08/16/2001 | 36 | NOTICE regarding plea of guilty furnished to Counsel as to Gregory Davis (bls) (Entered: 08/17/2001) |
| 08/16/2001 | 37 | REPORT AND RECOMMENDATION concerning plea of guilty as to Gregory Davis. Objections due by 9/4/01 for Gregory Davis. ( Signed by Magistrate Judge Thomas B. McCoun III ) ctc (bls) (Entered: 08/17/2001) |
| 08/24/2001 | 40 | AMENDED NOTICE OF HEARING: reset change of plea hearing for 10:15 a.m. on 8/29/01 for Gregory Davis scheduled for Magistrate Judge Thomas B. McCoun III ( Signed by Deputy Clerk ) ctc (bls) (Entered: 08/27/2001) |
| 09/06/2001 | 44 | ACCEPTANCE OF PLEA of guilty and adjudication of guilt as to Gregory Davis re: count 1. Sentencing set for 9:00 a.m. on 12/19/01 for Gregory Davis Scheduled for Judge James S. Moody Jr. ( Signed by Judge James S. Moody Jr. ) ctc (bls) (Entered: 09/07/2001) |
| 12/19/2001 | 49 | SENTENCING held on 12/19/01 before Judge James S. Moody Jr., as to Gregory Davis (1) count 1. Imprisonment: 87 months. Supervised release: 5 years. Fine: waived. Special assessment: $100.00. , Count disposed: Gregory Davis (1) count(s) 2. dismissed on motion of U.S. Attorney. Court Reporter: Debbie Flatow (bls) (Entered: 12/20/2001) |
| 12/19/2001 | | ORAL MOTION in open court by USA as to Gregory Davis to recognize defendant's substantial assistance pursuant to Rule 5k1.1 (bls) (Entered: 12/20/2001) |
| 12/19/2001 | | ORAL ORDER granting [0-0] oral motion to recognize defendant's substantial assistance pursuant to Rule 5k1.1 as to Gregory Davis (1) ( Entered by Judge James S. Moody Jr. ) (bls) (Entered: 12/20/2001) |

| | | |
|---|---|---|
| 12/19/2001 | 50 | JUDGMENT as to Gregory Davis ( Signed by Judge James S. Moody Jr. ) ctc (bls) (Entered: 12/20/2001) |
| 02/04/2002 | 54 | RETURN of judgment executed as to Gregory Davis on 1/28/02 at FCI Yazoo; Yazoo, Mississippi (bls) (Entered: 02/05/2002) |
| 02/15/2002 | 56 | CJA 20 voucher # TPA 2001-249 authorizing payment of $2,867.37 to Frederick Wiley Vollrath for defendant Gregory Davis ( Signed by Judge James S. Moody Jr. ) (bls) (Entered: 02/19/2002) |
| 04/11/2002 | 59 | EXONERATION OF PROPERTY BOND as to Gregory Davis (Signed by Judge James S. Moody Jr.) ctc (plj) (Entered: 04/15/2002) |
| 10/23/2003 | | NOTICE assigning 11th Circuit case number re: [67-1] appeal [Walter Dixon]. The initial appeal package was received by the USCA on 10/17/03. USCA #: 03-15260-C (dlg) (Entered: 10/23/2003) |
| 01/25/2008 | 74 | Original titles and all related documentation regarding the property bond returned to surety; certified mail: 7002 2410 0007 0930 1211 (SAH) (Entered: 01/25/2008) |
| 03/11/2008 | | Original titles and all related documentation regarding the property bond returned to USDC unclaimed; certified mail: 7002 2410 0007 0930 1211 (SAH) (Entered: 03/11/2008) |
| 06/16/2009 | 76 | TRANSFER of jurisdiction to Southern District of Florida as to Gregory Davis Transmitted transfer of jurisdiction form, with certified copies of indictment, judgment and docket sheet. (BES) (Entered: 06/17/2009) |


| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 06/18/2009 09:17:02 | | | |
| **PACER Login:** | ux2299 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 8:01-cr-00209-JSM |
| **Billable Pages:** | 3 | **Cost:** | 0.24 |